# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1604

_____

Sarah Nkurunungi,

        Petitioner,

v.

Alberto Gonzales, Attorney General
of the United States of America,

        Respondent.

\*      Petition for Review of
\*      an Order of the Board of
\*      Immigration Appeals.

\*      [UNPUBLISHED]

_____

Submitted: September 6, 2006
Filed: September 11, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Sarah Nkurunungi, a citizen of Uganda, petitions for review of an order of the Board of Immigration Appeals (BIA), which summarily affirmed an Immigration Judge's (IJ's) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1]

_____

[1] The IJ's decision, therefore, constitutes the final agency determination for purposes of judicial review. See Kimumwe v. Gonzales, 431 F.3d 319, 322 (8th Cir. 2005).

After careful review of the record, we conclude the IJ's asylum decision--based on the finding that Nkurunungi failed to establish a well-founded fear of future persecution--is supported by substantial evidence in the record as a whole. See Eta-Ndu v. Gonzales, 411 F.3d 977, 982-83 (8th Cir. 2005) (standard of review). Further, because Nkurunungi failed to meet the burden of proof on her asylum claim, her claim for withholding of removal necessarily fails as well, see Turay v. Ashcroft, 405 F.3d 663, 667 (8th Cir. 2005) (withholding-of-removal standard is more rigorous than asylum standard), and we see no basis in the record for CAT relief, see Habtemicael v. Ashcroft, 370 F.3d 774, 780-82 (8th Cir. 2004) (discussing considerations relevant to relief under CAT).

Accordingly, we deny the petition. We also deny Nkurunungi's motion to supplement the record. We previously granted Nkurunungi's motion for stay of her removal and voluntary-departure period; the remaining period in which she may voluntarily depart the United States shall begin to run when our mandate in this case is issued, see Falaja v. Gonzales, 418 F.3d 889, 899-900 (8th Cir. 2005).

_____